## MURPHY v. SUIR et al.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1926.)

No. 4889.

1. **Bankruptcy ☞303(1)—Trustee has burden of proof of alleged fraudulent conveyance.**

Trustee in bankruptcy has burden of proof of alleged fraudulent conveyance by bankrupt.

2. **Bankruptcy ☞303(1)—Proof of conveyance by bankrupt while solvent does not shift to bankrupt burden of showing absence of fraud.**

Evidence that bankrupt while solvent made conveyance sought to be annulled *held* insufficient to shift to bankrupt burden of proving genuineness of sale.

3. **Bankruptcy ☞303(3)—Proof that bankrupt conveyed property, but remained in possession thereof, prima facie establishes fraud.**

Proof that one bankrupt conveyed his property, but continued to remain in possession of it, is sufficient to establish a prima facie case of fraud.

4. **Property ☞7—Possession is presumed to follow title.**

In absence of proof to the contrary, the law presumes that possession follows the legal title.

5. **Bankruptcy ☞303(1)—Trustee has burden of proof that bankrupt remained in possession after alleged fraudulent conveyance before insolvency (Merrick's Rev. Civ. Code La. art. 2479).**

Trustee, attacking alleged fraudulent conveyance by bankrupt while solvent, has burden of proof of fact that bankrupt remained in possession after conveyance, in view of Merrick's Rev. Civ. Code La. art. 2479.

6. **Bankruptcy ☞303(1)—Trustee, to maintain suit to set aside fraudulent conveyance, must prove that bankrupt was insolvent or remained in possession (Civ. Code La. arts. 1970, 1971).**

Suit by trustee to set aside alleged fraudulent conveyance is not maintainable, where trustee fails to prove either that bankrupt was insolvent or that he retained possession of the property which he attempted to convey, in view of Civ. Code La. arts. 1970, 1971.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit by A. T. Murphy, trustee in bankruptcy of the estate of Henri Suir, against Henri Suir and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

S. W. Plauche, of Lake Charles, La., for appellant.

William J. Sandoz, of Opelousas, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree, rendered after final hearing on the merits, dismissing a bill of complaint filed by the trustee in bankruptcy of the estate of Henri Suir, against the bankrupt and his son, A. F. Suir. The bill attacked as a fraudulent simulation a conveyance by the bankrupt to his son of land and cattle of a certain brand. The conveyance in question was attached as an exhibit to the bill. It recited a consideration of $3,500 and was duly recorded. The defense was that the conveyance, the execution of which was admitted, spoke the truth, and that the sale thereby evidenced was in fact made in good faith.

At the time of the purported sale, Henri Suir was solvent, but was adjudged a bankrupt on his voluntary petition some two years later, at which time he was insolvent. Shortly after the date of the conveyance, he made a financial statement to a bank, in the presence of his son, in which he claimed to own 217 acres of land and 50 head of cattle. At the date of the adjudication in bankruptcy he owned 280 acres of land, but did not appear to own any cattle. The land claimed in the financial statement was not definitely described, but it was not shown to be the same land as that described by governmental subdivisions in the conveyance to his son. At the trial the trustee offered in evidence the conveyance, financial statement, schedules of the bankrupt, and rested. The defendants did not offer any evidence.

[1-3] The burden was on appellant to prove a prima facie case of fraud, and, unless that was done, it did not shift to appellees, so as to require them to establish the reality of the sale. The proof went no further than to show that the conveyance sought to be annulled was executed. Evidence that one in an insolvent condition conveys his property, but continues to remain in possession of it, is sufficient to prove a prima facie case of

fraud; but here the vendor was solvent, and there was no proof that he remained in possession of the property described in the act of sale.

[4-6] In the absence of proof to the contrary, the presumption of the law is that possession follows the legal title. If, as a matter of fact, the vendor continued in possession, the burden was on appellant to introduce evidence to that effect. Merrick's Revised Civil Code, art. 2479; King v. Atkins, 33 La. Ann. 1057; New Orleans Acid & Fertilizer Co. v. Guillory, 117 La. 832, 42 So. 329. A suit of this character is not maintainable where the party bringing it fails to prove either that the vendor was insolvent or retained possession of the property, which he apparently attempted to convey. Civil Code, arts. 1970, 1971; Nieman v. Condran, 34 La. Ann. 847. The conclusion is that the proof was insufficient to, authorize a decree in favor of appellant.

The decree of the District Court is affirmed.